UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MATTHEW LEE FOSTER,

    Plaintiff,

v.                                            Case No. 5:10cv283/RH/CJK

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,[1]

    Defendant.
_____/

ORDER and
REPORT AND RECOMMENDATION

    This matter is before the court upon plaintiff's counsel's "Petition for Award of Attorney Fees under Section 206(b) of the Social Security Act. 42 U.S.C. § 406(b) and Memorandum in Support." (Doc. 26). Defendant does not object to the reasonableness of the fee requested by plaintiff's counsel and agrees plaintiff's attorney should be awarded attorney fees under 42 U.S.C. § 406(b) in the amount of $16,124.75 for services performed on behalf of plaintiff. (Doc. 27). Having undertaken an independent determination of the reasonableness of plaintiff's counsel's petition pursuant to 42 U.S.C. § 406(b) and *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002), the court finds that the requested fee is reasonable and not a windfall and thus should be awarded. The court notes, however, that in order to prevent double recovery of attorney's fees, an attorney who is awarded fees under

---

[1] Carolyn W. Colvin is the acting Commissioner of Social Security and therefore is substituted for Michael J. Astrue as defendant in this action. *See* Fed. R. Civ. P. 25(d).

both § 406(b) and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, must refund to their client the lesser award. *Gisbrecht*, 535 U.S. at 796. Previously, plaintiff's counsel was awarded fees under the EAJA in the amount of $2,968.75, which is less than the amount requested in the instant petition. Plaintiff's counsel shall refund the EAJA award to the plaintiff upon receipt of the fees awarded by this order.

Accordingly, it is ORDERED:

1. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 25(d), Carolyn W. Colvin is substituted as the defendant in this action for Michael J. Astrue.

And it is respectfully RECOMMENDED:

1. That the petition for attorney's fees (doc. 26) be GRANTED in the amount of $16,124.75 and that the Commissioner be ordered to pay that amount to plaintiff's counsel from the plaintiff's past-due benefits.

2. That plaintiff's counsel be directed to refund to the plaintiff $2,968.75, which is equal to the amount of the EAJA fees previously awarded in this case.

At Pensacola, Florida, this 18th day February, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).